# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| ESAU MUHAMMAD, |
| Plaintiff, |
| v. |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, |
| Defendant. |

Case No. 1:17-cv-00357 (TNM)

## MEMORANDUM ORDER

Plaintiff Esau Muhammad claims four violations of Title VII of the Civil Rights Act of 1964: race discrimination, national origin discrimination, hostile work environment, and retaliation. ECF No. 1. Before the Court is the Washington Metropolitan Area Transit Authority's (WMATA's) Motion for Summary Judgment. ECF No. 15. Upon consideration of the entire record, and in light of the obligation to draw "all justifiable inferences" in favor of the non-moving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), the Court concludes that summary judgment is warranted only on the race discrimination count. On each of the three remaining counts, at least one genuine issue of material fact precludes summary judgment.

### I.

"Title VII of the Civil Rights Act makes it unlawful for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008) (quoting 42 U.S.C. § 2000e-2(a)(1)) (internal quotation marks omitted). Title VII also "makes it unlawful to 'discriminate

against'—i.e., retaliate against—an employee 'because he has opposed any practice made an unlawful employment practice by this subchapter.'" *McGrath v. Clinton*, 666 F.3d 1377, 1380 (D.C. Cir. 2012) (quoting 42 U.S.C. § 2000e–3(a)). Mr. Muhammad is an African American male who identifies as Trinidadian. Am. Compl. (Compl.) ¶¶ 14, 59. He claims that WMATA violated Title VII by discriminating against him based on race and national origin, creating a hostile work environment, and retaliating against him when he blew the whistle.

A motion for summary judgment will only be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, "[c]redibility determinations, [and] the weighing of the evidence" are not a judge's role. *Anderson*, 477 U.S. at 255. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.*; *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts.") (citing Fed. R. Civ. P. 56(c)).

> [W]here an employee has suffered an adverse employment action and an employer has asserted a legitimate, non-discriminatory reason for the decision, the district court need not—*and should not*—decide whether the plaintiff actually made out a prima facie case under *McDonnell Douglas*. Rather, in considering an employer's motion for summary judgment . . . the district court must resolve one central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race, color, religion, sex, or national origin?

*Brady*, 520 F.3d at 494 (D.C. Cir. 2008) (emphasis in the original). "[A]n added measure of "rigor". . . or 'cautio[n]' . . . is appropriate" in this context, "because employment discrimination claims center on the issue of an employer's intent," and explicit documentary evidence of such

2

intent is rare. *Aka v. Washington Hosp. Ctr.*, 116 F.3d 876, 879 (D.C. Cir.) (citations omitted), *reversed on other grounds*, 156 F.3d 1284 (D.C. Cir. 1998).

## II.

Mr. Muhammad wholly fails to mention his race discrimination claim in his Opposition, suggesting that he may have abandoned this claim. Pl.'s Opp. 15-30. Although that fact alone does not justify summary judgment, *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507–08 (D.C. Cir. 2016), the Court is independently satisfied that summary judgment is warranted. A race discrimination claim has two elements: (1) "an adverse employment action," (2) "because of the employee's race." *Brady*, 520 F.3d 493. A plaintiff need only show "that the motive to discriminate was one of the employer's motives, even if the employer also had other, lawful motives that were causative in the employer's decision." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 343 (2013). The Amended Complaint contains broad allegations of race-based discrimination, Am. Compl. 8-10, but the record is nearly devoid of supporting evidence. The manager with whom Mr. Muhammad most frequently clashed—Patrick Elam—is himself African American. ECF No. 16-2 at 9. Mr. Elam showed evidence of anti-immigrant bias, but not racial bias. And Jordan Worley, another African-American, used a racial slur against Mr. Muhammad in a dispute that resulted in a suspension for Mr. Muhammad, but Mr. Worley was ultimately suspended (albeit for subsequent, related misconduct) and he was not Mr. Muhammad's supervisor. No other race-based allegations appear in the record. I conclude that no reasonable jury could find that WMATA or its employees intentionally discriminated against Mr. Muhammad on the basis of race.

Meanwhile, at least two genuine issues of material fact preclude summary judgment on the national origin discrimination claim. First, a reasonable jury could conclude that Mr. Elam

3

harbored animus against people from other countries, ECF Nos. 15-2 at 9, 16-4 at 3, and that he therefore only told Mr. Muhammad about a promotion test four days before the relevant date, causing him to earn a score below eligibility levels.[1] Second, a reasonable jury could conclude that the suspension Mr. Muhammad received for his altercation with Mr. Worley was caused by Mr. Elam's national origin discrimination. Mr. Elam was the supervisor who observed the incident, and Mr. Muhammad received a three-day suspension, while Mr. Worley allegedly received no suspension at all for the altercation, and only a five-day suspension for gathering associates that evening to intimidate and threaten Mr. Muhammad as he left work. *Compare* ECF No. 16-5 at 33 (testimony indicating that Mr. Worley's suspension was only for the second altercation) *with* ECF No. 16-12 (investigation report giving a five-day suspension for "involvement in the workplace violence [rule] violation").

It also violates Title VII for an employer to create a "hostile work environment," subjecting an employee to "'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). The conduct must be "severe or pervasive enough . . . that a reasonable person would find [it] hostile or abusive," and the victim must subjectively perceive it as such. *Harris*, 510 U.S. at 21. For Mr. Muhammad's hostile work environment claim, a reasonable jury could look to several parts of the record, or the whole record, to conclude that Mr. Muhammad met his burden. A reasonable jury could particularly

---

[1] ECF No. 16-5 at 88-89 (testimony from Mr. Elam's boss that employees are normally given "a couple of weeks['] notice" before the test, to allow adequate study); ECF No. 16-18 at 3 (undated email asking for Mr. Muhammad to be notified of April 8, 2016 test date); ECF No. 16-18 at 2 (notice of an April 8, 2016 test date given to Mr. Muhammad by Mr. Elam on April 4, 2018); ECF No. 15-12 at 1 (email indicating Mr. Muhammad "Did Not Pass.")

4

rely on the evidence of Mr. Elam's offensive comments about foreigners, his refusal to give Mr. Muhammad a performance evaluation for an entire year, Mr. Muhammad's intimidation by Mr. Worley's gang in the parking lot, Mr. Elam's role in the resulting suspension decisions, and the allegation the Mr. Elam made it hard for Mr. Muhammad to be promoted, particularly in the April 2018 test date incident.

Finally, at least one genuine dispute over a material fact precludes summary judgment on the retaliation claim. "To prove unlawful retaliation, a plaintiff must show: (1) that he opposed a practice made unlawful by Title VII; (2) that the employer took a materially adverse action against him; and (3) that the employer took the action 'because' the employee opposed the practice." *McGrath*, 666 F.3d at 1380. A "materially adverse" action "means that the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). Retaliation must be the but-for cause of the challenged action. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). A reasonable jury could conclude that Mr. Muhammad's May 12, 2016 letter to Mr. Williams—which alleged Title VII discrimination, ECF No. 16-10—was known to Mr. Elam shortly thereafter, since Mr. Williams testified that he responded to the letter by having "a conversation with Mr. Elam." ECF No. 16-6 at 16-17. In August 2016, Mr. Elam allegedly told Mr. Muhammad he would receive no performance evaluation for 2015-2016, because he "did not deserve one," ECF No. 16-4 at ¶ 13, and WMATA's only counterargument is that another supervisor gave Mr. Muhammad a performance evaluation in January 2017. Def.'s Mem. in Support of Mot. Summ J. 13. A reasonable jury could find that receiving no performance evaluation, with its impact on

morale, accountability, and promotion potential, could dissuade a reasonable employee from reporting discrimination.

Accordingly, it is hereby **ORDERED** that the Defendant's Motion for Summary Judgment is **GRANTED** as to Count I of the Amended Complaint, and **DENIED** as to the remaining counts.

**SO ORDERED**.

Dated: August 9, 2018                                                  TREVOR N. MCFADDEN
                                                                       United States District Judge